## SHAWMUT MUTUAL FIRE INSURANCE COMPANY *vs.* ELIZA STEVENS.

The objection that a declaration upon a written promise does not set forth a copy or the legal effect of the writing can only be taken by demurrer.

In an action by a mutual insurance company against one of its members to recover an amount agreed to be paid as a deposit, a promise to pay " to the company or its treasurer," " in such sum or sums as may be called for by a vote of the directors of said company, or by the treasurer of said company," may be introduced in evidence under a declaration alleging a promise to pay to the company, and that the sum sued for has been duly demanded and called for.

Such action may be maintained to recover a deposit which is agreed to constitute a part of the absolute funds of the company, and to be payable on demand, although the declaration does not allege that the directors called for the full amount of such deposits, and notified the defendant thereof-before the suit was commenced.

Such action may be maintained, if an application for insurance contains an express agreement on the part of the applicant that " the company shall not be bound by any act done or statement made to or by any agent or others, not contained in the application," and the policy is issued upon condition that " every insurance agent, broker or other person, forwarding applications or receiving premiums, is the agent of the applicant, and not of the company," although the defendant was induced to take out the policy by fraudulent misrepresentations, as to the condition of the company, by one who had acted as its general agent.

CONTRACT brought by a mutual fire insurance company against one of its members. The declaration alleged that the defendant " made written application for, received and became the holder of a policy of insurance against loss or damage by fire, issued by said mutual fire insurance company, No. 2455 and thereby became a member of said company, entitled to all the privileges specified in said policy, and in consideration thereof assumed all the liabilities specified in said application policy and by-laws of said company, paid the said company $12 as cash premium, and further, by the terms of said application and of the policy, became bound to pay said company the sum of three times the amount of said cash paid as premium, to wit: the sum of $36, as deposit, and promised to pay said .ast mentioned sum to said company on demand of the company or its treasurer, in such sum or sums as might be called for by a vote of the directors of said company, or when called for by the treasurer of said company, and said last mentioned

sum has been duly demanded and called for, and the defendant owes the plaintiffs said last mentioned sum, and interest thereon."

At the trial in the superior court, before *Morton*, J., it appeared that the defendant's application for insurance contained the following provisions :

" The applicant promises and agrees . . . that, if a policy shall issue on this application, he hereby assumes all the liabilities specified in said policy, and hereby binds himself to the said Shawmut Mutual Fire Insurance Company in the further sum of three times the amount of cash paid as premium, as a deposit, said deposits to constitute the absolute fund of said company, and to be payable on demand of the company or its treasurer for the time being, to said company or its treasurer, in such sum or sums as may be called for by a vote of the directors of said company, or by the treasurer of said company."

" The applicant further agrees . . . that the company shall not be bound by any act done or statement made to or by any agent or others, not contained in this application."

The policy to the defendant contained a provision that it was upon condition that " every insurance agent, broker or other person forwarding applications or receiving premiums is the agent of the applicant, and not of the company."

In October 1859 an injunction was laid upon the company, and a receiver appointed ; and in March 1860 the injunction was so far modified as to authorize the company, by its directors, to order the collection of the premium and deposit notes and other absolute funds belonging to the company ; and the directors accordingly passed an order for the collection of all the deposit notes and other absolute funds. At the date of the plaintiffs' writ there were uncollected notes belonging to the plaintiffs, called premium notes, upon some of which suits have been brought.

The defendant contended that the declaration was insufficient to support the action ; that the obligation in the application was not legally described in the declaration ; and that said obligation can only be enforced by assessment, and not until all the

other notes held by the company have been collected or attempted to be enforced. But the judge refused so to rule.

The defendant offered to prove that the company, at the time when her application was made, was insolvent, and that its affairs had been fraudulently managed by its officers; that the person who received her application, and who was at the time a general agent of the company, fraudulently misrepresented the condition of the company to her, whereby she was induced to take out the policy. But the judge rejected the evidence.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*J. Nickerson*, for the defendant.

*J. W. May*, for the plaintiffs.

Dewey, J. 1. Objections to the form of a declaration, or that the same does not sufficiently set forth the ground of the plaintiffs' claim, are to be raised by demurrer. *Batchelder* v. *Batchelder*, 2 Allen, 105.

We perceive no ground for exceptions as to any omission to set forth the substantive facts upon 'which the recovery in the present action is sought.

2. The liability of the defendant upon the alleged contract constituted a part of the absolute funds of the company, and the money due thereon was payable on demand of the company or its treasurer. *Long Pond Ins. Co.* v. *Houghton*, 6 Gray, 82.

3. The court properly rejected the proposed evidence as to the fraudulent representations of the agent to the defendant in reference to the state of affairs of the company, the policy having been made with the following recital embodied therein:

And every insurance agent, broker, or other person, forwardng applications or receiving premiums, is the agent of the applicant, and not of the company;" and in the application the applicant having expressly agreed "that the company shall not be bound by any. act done, or statement made to or by any agent or others, not contained in this application."

The cases of *Abbott* v. *Shawmut Ins. Co.* 3 Allen, 213, and *Mulrey* v. *Same*, 4 Allen, 116, fully authorized the rejection of the proposed evidence. The case of *Fogg* v. *Griffin*, 2 Allen, 1

cited by the defendant, was not similar to the present, the policy in that case containing no such stipulation declaring the insurance agent who forwarded applications and received premiums to be the agent of the applicant exclusively.

*Exceptions overruled.*